UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:  8:18-cv-00005-JLS-PJW                                              Date:  March 05, 2018
Title:  Katiushka Rebeca Acosta-Smith et al v. Equifax Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER (1) GRANTING DEFENDANT'S MOTION TO STAY ACTION (Doc. 12); AND (2) DENYING AS MOOT PLAINTIFFS' MOTION TO REMAND (Doc. 9)**

Before the Court are two motions: (1) a Motion to Remand and Request for Sanctions filed by Plaintiffs; and (2) a Motion to Stay Case filed by Defendant Equifax. (MTR, Doc. 9; MTS, Doc. 12.)  Defendant opposed Plaintiffs' Motion to Remand, and Plaintiffs replied.  (MTR Opp., Doc. 17; MTR Reply, Doc. 18.)  Plaintiffs opposed Defendant's Motion to Stay, and Defendant replied.  (MTS Opp., Doc. 13; MTS Reply, Doc.19.)  Having considered the parties' papers and for the reasons discussed below, the Court GRANTS Defendant's Motion to Stay and DENIES AS MOOT Plaintiffs' Motion to Remand.

### I.      BACKGROUND

#### A.      The Equifax Data Breach and the MDL Litigation

Defendant Equifax is a consumer reporting agency that gathers and stores individuals' personal information.  (Compl. ¶ 6, Ex. D to Notice of Removal, Doc. 1-4.)  On September 7, 2017, Defendant announced that its data security had been breached, an incident which resulted in the filing of hundreds of lawsuits around the country.  (MTS at 1.)  In December 2017, the Judicial Panel on Multidistrict Litigation ("JPML")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:18-cv-00005-JLS-PJW                                              Date:  March 05, 2018
Title:  Katiushka Rebeca Acosta-Smith et al v. Equifax Inc. et al

transferred over 250 related cases arising from this breach to a Multidistrict Litigation (MDL) transferee court in the Northern District of Georgia for consolidation and coordination of pretrial proceedings.  (*See* JPML Transfer Orders, Exs. D and E to MTS, Docs. 12-4 and 12-5.)

### B. The Instant Litigation

On November 30, 2017, Plaintiffs filed the instant action in state court.  (Compl.)  Plaintiffs alleged that on the date of the security breach, Defendant "allowed unauthorized third persons to access its database and steal personal information belonging to at least 143 million Americans, including the named Plaintiffs."  (*Id.* ¶ 9.)  The personal information "comprised in this breach is extremely valuable" and "criminals have gained access to [the] complete profiles of individuals' personal and financial information."  (*Id.* ¶ 16.)  Plaintiffs alleged that they sustained economic damages as a result of the breach and cite to a report issued by the Department of Justice which states that victims of identity theft often "suffer[] financial consequences."  (*Id.* ¶¶ 18–19.)  Further, Plaintiffs alleged that as a result of the breach they have "experienced substantial and ongoing emotional distress, which has sometimes manifested in physical symptoms."  (*Id.* ¶ 20.)

Plaintiffs' state court complaint alleged claims for (1) negligence, (2) violation of Consumer Credit Reporting Act, Cal. Civ. Code §§ 1785, (3) violation of Consumer Records Act, Cal. Civ. Code § 1798.81.5, and (4) conversion.  (Compl. ¶¶ 5–44.)  Plaintiffs sought economic damages, emotional distress damages, punitive damages, and attorney's fees "to the maximum limit of $74,000 per plaintiff."  (*Id.* at 10.)  Plaintiffs also sought interest, the costs of the suit, and "such other and further relief as the court may deem proper."  (*Id.* at 10–11.) [1]

---

[1] Plaintiffs previously filed suit in state court based on the same factual allegations; however, their complaint in that action did not include the $74,000 damages cap. (First State Court Compl., Ex. A to Notice of Removal, Doc. 1-1).  Defendant removed the case to federal court and Plaintiffs thereafter voluntarily dismissed.  (First Notice of Removal, Ex. B to Notice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:18-cv-00005-JLS-PJW                                    Date:  March 05, 2018
Title:  Katiushka Rebeca Acosta-Smith et al v. Equifax Inc. et al

On December 12, 2017, Defendant filed a Notice of Potential Tag-Along Action, requesting that the JPML transfer the instant case to the Northern District of Georgia for coordination with the MDL proceedings.  (Notice of Potential Tag-Along, Ex. F to MTS, Doc. 12-6.)  On January 3, 2018, Defendant removed the case to this Court on the basis of diversity jurisdiction.  (Notice of Removal, Doc. 1.)  The JPML issued a conditional transfer order on January 9, 2018.[2]  Thereafter, on January 11, 2018, Plaintiffs filed their Motion to Remand and Defendant filed its Motion to Stay.

### II.    ORDER OF PENDING MOTIONS

The Court must first determine in which order to consider the parties' motions.  Plaintiffs argue that the Motion to Remand addresses jurisdictional defects, which must be considered first.  (MTR at 1, Doc. 9; MTS Opp. at 1.)  Defendant argues that the Court should address its Motion to Stay first and wait to see if the case is transferred to the MDL court before considering the Motion to Remand.  (MTR Opp. at 1.)

#### A.    Legal Standard

"Generally, jurisdiction is a preliminary matter that should be resolved before all others."  *Woodcox v. Volkswagen Grp. of Am., Inc.*, 2017 WL 915352, at *2 (E.D. Cal. Mar. 7, 2017); *Pecoraro v. Sanghei-Kim*, 2013 WL 12131267, at *3 (C.D. Cal. July 10, 2013).  *See also Bookout v. Beck*, 354 F.2d 823, 825 (9th Cir. 1965) ("[J]urisdiction must be first found over the subject matter and the person before one reaches venue.")

---

of Removal, Doc. 1-2; Notice of Voluntary Dismissal, Ex. C to Notice of Removal, Doc. 1-3.)  This suit followed.

[2] Plaintiffs moved to vacate the conditional transfer order, and the JPML has scheduled a hearing on Plaintiffs' motion for March 29, 2018.  (JPML Hearing Order, MDL No. 2800, CAC/8:18-cv-00005, ECF No. 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:18-cv-00005-JLS-PJW                                   Date:  March 05, 2018
Title:  Katiushka Rebeca Acosta-Smith et al v. Equifax Inc. et al

However, the approach changes when deference to an MDL court will further "the uniformity, consistency, and predictability in litigation that underlies the MDL system." *Woodcox*, 2017 WL 915352, at *2 (*citing Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004); *Hawkins v. Biotronik, Inc.*, No. SACV 16-2227-DOC (KESx), 2017 WL 838650, at *3 (C.D. Cal. Mar. 3, 2017).  The MDL court can resolve a motion to remand when "the motion raises issues likely to arise in other actions pending in the consolidated action."  *Woodcox*, 2017 WL 915352, at *2 (*citing In re Vioxx Prod. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005)).

Several courts, including this one, have applied the *Conroy* methodology when considering simultaneous motions to remand and to stay in the MDL context.  *Goodwin v. Kojian*, 2013 WL 1528966, at *2 n.1 (C.D. Cal. Apr. 12, 2013).  *See also Woodcox*, 2017 WL 915352, at *2; *Guardado v. Highshaw*, 2013 WL 12137105, at *3 (C.D. Cal. May 6, 2013); *Pecoraro*, 2013 WL 12131267, at *3; *Leeson v. Merck & Co.*, 2006 WL 3230047, at *3 (E.D. Cal. Jan. 27, 2006).  *But cf. Dekalb v. C.R. Bard, Inc.*, 2013 WL 12146518, at *3 (C.D. Cal. Oct. 8, 2013).

Under this approach, the Court conducts the following analysis: First, "the [C]ourt [gives] preliminary scrutiny to the merits of the motion to remand.  If this preliminary assessment suggests that removal was improper, the [C]ourt … complete[s] its consideration and remand[s] the case to state court."  *Goodwin*, 2013 WL 1528966, at *2 (*citing Conroy*, 325 F. Supp. at 1053).  Second, "if the jurisdictional issue appears factually or legally difficult, the [C]ourt determine[s] whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding."  *Id.*  Third, "if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred," then the Court will rule first on the defendant's motion to stay.  *Id.*

**B.      Discussion**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-00005-JLS-PJW                                             Date:  March 05, 2018
Title:  Katiushka Rebeca Acosta-Smith et al v. Equifax Inc. et al

There is complete diversity between the parties, (Compl. ¶ 1–2), so the sole issue in the Motion to Remand is whether the amount in controversy satisfies the jurisdictional minimum.[3]  *See* 28 U.S.C. § 1332(a).

In conducting its preliminary assessment of the Motion to Remand, the Court finds that this is "not an obvious case for remand."  *Plexus Worldwide LLC v. TruVision Health LLC*, 2014 WL 12650627, at *3 (D. Ariz. Dec. 22, 2014).  First, the parties dispute the legal effect of the $74,000 damages cap in the Complaint.  (Compl. at 10.)  Defendant argues that Plaintiffs' cap is not determinative of the amount in controversy because Plaintiffs failed to file "a binding and notarized stipulation" at the time they filed the Complaint, as other district courts have required.  (*See* MTR Opp. at 9, *citing Church v. CMH Homes, Inc.*, 2013 WL 12290247, at *3 (S.D.W. Va. Mar. 8, 2013); *Martin v. Sw. PCS, L.P.*, 2003 WL 22477692, at *3 (W.D. Tex. Nov. 3, 2003).)  Plaintiffs argue that such formality is not required and that Plaintiffs' counsel's post-removal declaration, which affirms the cap on behalf of all Plaintiffs, is sufficient to establish the amount in controversy.  (Reply at 12; Wilens Reply Decl. ¶ 2, Doc. 18.)   Plaintiffs cite to district court decisions where an "informal" stipulation, such as counsel's declaration, was determinative of the amount in controversy.  (*See* MTR Reply at 9–10, 12, *citing Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1039 (N.D. Cal. 2014); *Davis v. Crowley*, 1998 WL 166228, at *1 (N.D. Cal. Mar. 20, 1998).)  However, neither party cites to any authority binding on this Court that delineates the procedural formalities required to ensure that a plaintiff's damages cap is unconditionally determinative of the amount in controversy.

Plaintiffs also cite to cases where courts have simply accepted the plaintiff's statement of damages as determinative of the amount in controversy, irrespective of any formal stipulation.  (*See* MTR Reply at 9, *citing Lever v. Jackson Nat. Life Ins. Co.*, 2013 WL 436210, at *2 (D.S.C. Feb. 5, 2013).)  However, this Court does not follow such an approach; rather, "[w]hen a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold," removal may nonetheless be proper

---

[3] The parties agree that the individual Plaintiffs' damages cannot be aggregated to satisfy the jurisdictional minimum.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-00005-JLS-PJW                                                  Date:  March 05, 2018

Title:  Katiushka Rebeca Acosta-Smith et al v. Equifax Inc. et al

if the defendant proves with "legal certainty" that the amount in controversy exceeds $75,000. [4] *U.S. Bank Nat'l Ass'n v. Azam*, 2013 WL 12130577, at *2 (C.D. Cal. Apr. 30, 2013), *aff'd sub nom. U.S. Bank Nat. Ass'n v. Azam*, 582 F. App'x 710 (9th Cir. 2014). *Accord Jackson v. Specialized Loan Servicing, LLC*, 2014 WL 5514142, at *3 (C.D. Cal. Oct. 31, 2014); *Jones v. ADT Sec. Servs.*, Inc., 2012 WL 12744, at *4 (C.D. Cal. Jan. 3, 2012). Thus, the Court's preliminary assessment of the Motion to Remand also takes into account the factual and legal issues arising from Defendant's purported evidence that the jurisdictional minimum is satisfied. In this regard, the parties dispute the amount of economic damages that the Complaint puts into controversy. Defendant argues that the Complaint alleges $7,761 in economic damages per plaintiff, which is the average amount of damage as calculated by the DOJ report to which the Complaint cites. (MTR Opp. at 14, *citing* Compl. ¶ 18.) Plaintiff counters that the Complaint does not allege that Plaintiffs are "victims" of identity theft, but rather, that Plaintiffs have merely been put "at risk" of identity theft. (MTR at 6, *citing* Compl. ¶ 16.) Further, the parties dispute the appropriate valuation of Plaintiffs' emotional distress and punitive damages. Defendant argues that it is appropriate to calculate these damages by introducing evidence of jury verdicts in analogous cases; Plaintiffs argue that such evidence is too speculative to carry Defendant's burden. (MTR at 7; MTR Opp. at 16.) Finally, the parties dispute whether the Complaint's prayer for "other and further relief as the court may deem proper" constitutes a request for equitable relief, the value of which the Court must consider in calculating the amount in controversy. (MTR Opp. at 19–22; MTR Reply at 14–18.) On all of these points, the parties cite to various persuasive authority, including decisions by other circuit and district courts, but very little Ninth Circuit

---

[4] Defendant cites to *Amaratunge v. Honeywell*, which requires the defendant to satisfy the jurisdictional minimum by only a "preponderance" of the evidence, and repeatedly refers to it as a decision by "this Court." (MTR Opp. at 13, *citing Amaratunge v. Honeywell Int'l Inc.*, 2016 WL 4435078, at *1 (C.D. Cal. Aug. 16, 2016).) In fact, it is a decision by another judge in the Central District. While this Court has great respect for the decisions of other judicial officers in the Central District, their rulings are *not* rulings by this Court and should not be referenced as such.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  8:18-cv-00005-JLS-PJW | Date:  March 05, 2018 |
| Title:  Katiushka Rebeca Acosta-Smith et al v. Equifax Inc. et al | |

authority; of the Ninth Circuit authority that they do cite, they vigorously dispute how to interpret those cases.  (*See, e.g.*, MTR Opp. at 20, MTR Reply at 16, disputing the meaning of *Rental Development Corp. v. Lavery*, 304 F.2d 839 (9th Cir. 1962).)

Because the jurisdictional question in this case is both legally and factually complicated, the Court moves to the second step of the *Conroy* inquiry and considers whether "identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding."  *Goodwin*, 2013 WL 1528966, at *2.  By Plaintiffs' own admission, it seems clear that identical jurisdictional issues will be raised in other cases that are likely to be transferred to the MDL court.  (*See* MTR at 2.)  Plaintiffs' counsel has already filed a separate action, *Abramson v. Equifax*, based on the same factual allegations that underlie the instant case; *Abramson* was removed to the Central District and is now pending before the Honorable James V. Selna.  *See Abramson v. Equifax*, No. 8:17-cv-02201-JVS (KES), ECF Doc. No. 1-4 (C.D. Cal. Dec. 18, 2017).  The plaintiffs in *Abramson* filed a motion to remand that raised identical jurisdictional issues based the same damages cap, and the court stayed the action pending the JPML's decision on transfer.  (*See Abramson* Order Granting MTS, Ex. C to MTS, Doc. 12-3.)  Further, Plaintiffs' counsel states that he "anticipate[s] filing additional lawsuits in the coming months" with the same allegations that will likely present similar jurisdictional issues.  (Wilens Decl. ¶ 5, Doc. 9.)

Thus, proceeding to the third step of *Conroy*, because "the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred," the Court determines that it should rule on Defendant's Motion to Stay before considering the Motion to Remand.  *Goodwin*, 2013 WL 1528966, at *2.

### III.  <u>MOTION TO STAY</u>

#### A.  <u>Legal Standard</u>

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  When considering whether to stay a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:18-cv-00005-JLS-PJW                              Date:  March 05, 2018
Title:  Katiushka Rebeca Acosta-Smith et al v. Equifax Inc. et al

pending proceeding, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  Those may include "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

### B.  Discussion

The Court is persuaded that a stay is warranted in this case.  First, the delay that Plaintiffs will face if the stay is granted is relatively short and therefore potential prejudice is minimal.  The JPML will issue its transfer ruling soon after the hearing on Plaintiffs' Motion to Vacate on March 29, 2018.  (MTS Reply at 5; JPML Hearing Order at 17.)  Thereafter, Plaintiffs may pursue their motion to remand either in the MDL court or in this Court if the case is not transferred.  *See Cooper v. Siddighi*, 2013 WL 12140988, at *5 (C.D. Cal. May 8, 2013).  Conversely, Defendant could face significant prejudice if the stay is not granted and the Court proceeds to rule on Plaintiffs' Motion to Remand; specifically, Defendant faces "the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact." *See A.D. v. Pfizer, Inc.*, 2013 WL 3889159, at *2 (N.D. Cal. July 26, 2013).  Relatedly, in light of the likelihood of similar motions in other cases that may be consolidated in the MDL court, granting the stay will contribute to uniformity and consistency and thereby conserve judicial resources.  *Pierce v. Frink*, 2017 WL 4923508, at *5 (E.D. Cal. Oct. 31, 2017).

Therefore, the Court is satisfied that the considerations of potential prejudice to both parties and judicial economy favor granting the stay.

### V.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Pending Transfer is GRANTED.  Plaintiffs' Motion to Remand and Request for Sanctions is DENIED AS MOOT.